FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 26  AM 10: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO JOHNS                                  CIVIL ACTION

VERSUS                                         NUMBER: 05-1320

WARDEN JAMES D. MILLER, ET AL.                 SECTION: "S"(5)


## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis
by pro se plaintiff, Antonio Johns, against defendants, Warden
Miller, Deputy Warden R. Tanner, and Major Larry Grow of the
Washington Correctional Institute ("WCI") and Richard Stalder,
Secretary of the Louisiana Department of Corrections. (Rec. doc.
1). Plaintiff, an inmate of the WCI at the time the instant suit
was filed, alleged that he had repeatedly been exposed to second-
hand smoke at the place of his incarceration. (Id.).

On August 3, 2005, the Court issued a Briefing Order directing
plaintiff to file in the record of this proceeding, on or before
September 9, 2005, a statement of the facts expected to be proven
at trial, a list of documents to be offered as exhibits, and a list

Fee
Process
Dktd
CtRmDep
Dec. No

of intended witnesses. (Rec. doc. 11). A copy of the Briefing Order was mailed to plaintiff at his address of record and has not been returned as undeliverable. Plaintiff, however, failed to respond to the Briefing Order as directed. Accordingly, by order dated December 9, 2005, plaintiff was ordered to show cause, in writing and on or before January 9, 2006, as to why his lawsuit should not be dismissed for failing to respond to the Court's Briefing Order. (Rec. doc. 12). Once again, a copy of the Court's show cause order was mailed to plaintiff at his address of record and has not be returned as undeliverable. As of today's date, no response to the show cause order has been received from plaintiff.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court can, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5ᵗʰ Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's order. Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5ᵗʰ Cir. 1978); Ramsay v. Bailey, 531 F.2d 706 (5ᵗʰ Cir. 1976). As plaintiff is proceeding pro se in this matter, this Court must consider his actions alone in considering dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

2

The Court has attempted to take those steps necessary to insure that plaintiff's lawsuit was litigated to its completion. Plaintiff's failure to furnish the information required by the Briefing Order and his failure to respond to the Court's show cause order evidence both a disinterest in prosecuting this case and a disregard for the Court's orders.

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 25 day of Jan _____,
2006.


UNITED STATES MAGISTRATE JUDGE


3